**UNITED STATES of America,**
**Appellant,**

v.

**Alden D. STANTON and Louise M.**
**Stanton, Appellees.**

**No. 279, Docket 26665.**

United States Court of Appeals
Second Circuit.

Argued March 9, 1961.
Decided March 23, 1961.

Wayne G. Barnett, Department of Justice, Washington, D. C., Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y. (Abbott M. Sellers, Acting Asst. Atty. Gen., and Lee A. Jackson and James P. Turner, Dept. of Justice, Washington, D. C., and Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., on the brief), for appellant.

Clendon H. Lee, New York City (John C. Farber, William F. Snyder, Theodore Q. Childs and O'Connor & Farber, New York City, on the brief), for appellees.

Before LUMBARD, Chief Judge, and MAGRUDER* and WATERMAN, Circuit Judges.

PER CURIAM.

We are here called upon once more to review the finding by the district court that payments in the amount of $20,000, made to Alden D. Stanton in 1942 and 1943 by the Corporation of Trinity Church in New York City, were a gift and therefore not taxable as gross income under § 22 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22. The original determination by the district court was reversed by this court. 2 Cir., 1959, 268 F.2d 727. That decision was vacated and the case remanded to the district court by the Supreme Court of the United States for "new and adequate" findings of fact. C. I. R. v. Duberstein, 1960, 363 U.S. 278, 80 S.Ct. 1190, 1201, 4 L.Ed.2d 1218.

Judge Byers then made detailed findings regarding all the relevant facts and concluded again that the payments to Stanton were a gift. D.C.E.D. N.Y.1960, 186 F.Supp. 393. The mandate of the Supreme Court requires us to review the district court's inferences drawn from its fact findings by the "clearly erroneous" standard of Federal Rules of Civil Procedure 52(a), 28 U.S.C.A., 363 U.S. at page 291, 80 S.Ct. at page 1200. We have reviewed, in the light of the Supreme Court decision, all the prior proceedings and the findings made by the district court. We cannot say that Judge Byers' careful and detailed findings and conclusions are clearly erroneous, and accordingly we affirm the judgment of the district court.

Chief Judge Lumbard concurs in this result because of the directive of the Supreme Court that appellate review be "quite restricted," 363 U.S. at page 290, 80 S.Ct. at page 1199, although he is of the opinion that the contrary inference should have been drawn from the undisputed basic facts for the reasons set forth in the majority opinion of Judge Hand at 268 F.2d 727.

Judgment affirmed.

* Sitting by designation.